## LITERAL CONSTRUCTION OF A FORCIBLE DETAINER STATUTE.

[Circuit Court of Fulton County.]

ISABELLE LAVER v. E. T. CANFIELD.

Decided, January, 1905.

*Forcible Entry and Detainer—Construction of Section 6601—Literal Application of the Provision—Making the Statute not a Bar—Its Constitutionality—Long Acquiescence.*

Section 6601, providing that judgments either before a justice of the peace or in the court of common pleas under the forcible entry and detainer chapter, "shall not be a bar to any further action brought by either party," is not class legislation and unconstitutional because in the interest of landlords, and should be literally construed.

WILDMAN, J.; PARKER, J., and HAYNES, J., concur.

The present plaintiff in error, Isabelle Laver, brought suit before Esquire A. S. Bloomer, a justice of the peace, under the statute in forcible detainer, alleging that the defendant, E. T. Canfield, her tenant, was holding over his term from and after April 1, 1905.

The defendant in that case, while acknowledging that he was the tenant of the plaintiff and that the original tenancy had been for a period anterior to April 1, 1905, and would expire at that date, claimed that there had been a new arrangement for a subsequent period, entered into between himself and his landlady, by which he remained in possession. The case was tried before the justice of the peace and the judgment in the case was in favor of the tenant, the justice holding that he did not unlawfully and forcibly detain the premises from the plaintiff. Thereafter, the same plaintiff, Isabelle Laver, brought an action before one A. P. Biddle, another justice of the peace, against the same defendant, seeking to recover possession of the same land. Upon the trial of this second case, the plaintiff having introduced her evidence and rested, the defendant read and offered in evidence a transcript from Esquire Bloomer's docket,

showing the proceedings in the case to which I have before referred and in which the defendant had recovered a judgment. The claim was made by the tenant, Canfield, that the former decision was an adjudication in his favor and that it was a bar to her proceeding before. Justice Biddle. The magistrate, however, held otherwise, construing literally the provision of the statute that a judgment in a proceeding in forcible detainer shall not be a bar to another action. Thereupon, the case was carried on error to the court of common pleas. . The court of common pleas reversed the judgment of the Justice Biddle and a petition in error was filed in this court to reverse the judgment of the court of common pleas. The case involves the construction of the section of the statute to which I have referred (Section 6601, Revised Statutes):

"Judgments either before the justice, or in the court of common pleas, under this chapter, shall not be a bar to any after action brought by either party."

The defendant in error has filed an answer in the case in the present court, alleging, substantially, matter of claimed estoppel against the plaintiff in error. He says, in substance, that the plaintiff, Isabelle Laver, has demanded and received from him rent for the premises during the pendency of this proceeding in error and after the judgment in the court of common pleas; but while this is conceded, a reply interposed by the plaintiff denies that it has the effect claimed for it by defendant. Without pausing very long upon this branch of the case, we are of the opinion that the contention of the defendant in error, that the proceeding in error is barred and that Isabelle Laver is estopped from proceeding with her case in this court, can not be maintained. Estoppel should be based upon an action of a party with knowledge substantially of its consequences. It does not appear to us that in the receiving of any of this rent it was intended or understood by Isabelle Laver that she was waiving any of her rights to proceed in error. It is contended that it was so intended by the defendant, Canfield, but whether this latter fact is or is not true, the estoppel to bind her should be her conduct in view of its known effect. We do not think

that she is estopped in this proceeding in error. We understand
from evidence submitted on this issue, that the payment and
receipt of rent was rather in the nature of payment for the use
and occupation of the land pending the proceeding in error
and in view of some requirement of the judge of the court of
common pleas.   Proceeding then to the substantial contention
which is involved and the one upon which all the emphasis
has been placed by counsel in argument, we have the very
interesting question, never expressly decided, so far as we know,
by our Supreme Court, as to whether this Section 6601 of the
Revised Statutes is to be literally construed.   The judge below
held, as we understand his decision, that the provision that it
should not be a bar to any after action brought by either party
had no reference to other like proceedings before justices of
the peace or courts of common pleas of the same nature and
between the same parties as the case in which the first judg-
ment was rendered.   It is claimed that this is not a civil action,
but a summary proceeding, and that the only design of the
section is that the judgment shall not affect actions in which
the title to land is drawn in question—ejectment suits or other
suits in which the title may be involved.   It is true that Section
6601 relates only to possessory rights; it does not involve the
title to the land; it goes only to the right of possession.   But
that is not decisive of the question.   The language of the statute
is that the judgment shall not be a bar to any after action
brought by either party, and the first question to be considered
is as to whether a forcible detainer proceeding is an action
within the meaning of this statute.   Referring to Section 6599,
the next section but one preceding that under review, defining
the jurisdiction of the justice and the nature of a proceeding
in forcible entry and detainer, we find the clause which I quote:

    *    *    *    "but such action can only be brought within two
years after the cause of action shall have accrued."

    It seems a somewhat forced construction, at first thought,
to hold that when the word *action* and the phrase *cause of action*
have just been used in reference to proceedings of this character,
that the section that judgments shall not be a bar to any after
action brought by either party is to be qualified by substantially

writing into the statute some words defining the kind of action
to which it was not designed to be a bar; actions, for instance,
not involving possession only, but also the ultimate title.

But it is urged, and with much plausibility, that the statute
construed literally may work absurdities or injustice. The
court below held, in the opinion which has been transcribed and
submitted to us, that it would be unjust to construe the statute
literally; and it was urged in oral argument before us that if
it should be so construed as the intent of the Legislature, then
the law is unconstitutional. We are not disposed to hold for
a moment that this section is unconstitutional. We have had
the doctrine enunciated by our Supreme Court in a somewhat
recent decision—that long acquiescence by the court and bar
in the validity of a statute is in itself a recognition of its
constitutionality, and the courts, after such long acquiescence,
will not readily disturb a statute by holding it unconstitutional
and invalid. It is claimed by counsel that it would be uncon-
stitutional in this: that it would be class legislation; legislation
in favor of landlords; that it would give the landlord power to
bring repeated actions before justices to oust tenants from land,
and no matter how many times defeated to pursue that course
until success was finally attained; and that a defeated tenant, on
the other hand, would have no remedy except by going
to a higher court, if permitted, in proceedings in error. We
are not altogether clear that this contention is well founded. The
statute making provision for suits in forcible entry and de-
tainer specifies several cases in which the action or proceeding
may be brought.

Section 6600 provides that "proceedings under this chapter
may be held" (the word should be "had") "in all cases against
tenants holding over their terms; in sales of real estate, on ex-
ecutions, orders, or other judicial process, when the judgment
debtor was in possession at the time of the rendition of the
judgment or decree, by virtue of which such sale was made; in
sales by executors, administrators, guardians, and on partition,
where any of the parties to the petition were in possession at
the commencement of the suit, after such sales, so made on exe-
cution or otherwise, shall have been examined by the proper

court, and the same by said court adjudged legal; and in cases where the defendant is a settler, or occupier of lands or tenements, without color or title, and to which the complainant has the right of possession;" but immediately following is this clause: "This section not to be construed as limiting the provisions of Section 6599."

On looking back to Section 6599 we find that a person may maintain the action in a case where, after a lawful entry, the lands are held unlawfully. Now, if a tenant claims that the judgment of the justice of the peace, which is no bar to either party under the statute, was erroneous, unjust and illegal, he might, perchance, claim that the other party placed in possession by the court, under the forms of law, was still unlawfully holding. We are not deciding this question, we are only suggesting that it is not altogether free from doubt as to whether or not the tenant might not, if ousted by one suit before a justice of the peace, maintain an action to recover the possession under this very statute or this series of sections, in view of the other provision that a judgment in forcible entry and detainer shall not be a bar to any after action brought *by either party.*

But taking the other view of it and considering the argument that the landlord might maintain an unnumbered series of suits to recover the possession until he finally achieved success, thereby harassing and burdening the defendant with costs and trouble and finally depriving him of the possession of the land; still it may be fairly inquired whether it is a condition very different from that which we find in another proceeding—that as to crimes and misdemeanors in examining courts. If the judgment in forcible detainer is no bar to another proceeding it is somewhat analogous to the arrest which may be made before a magistrate under a charge of crime and in which, if the magistrate discharges the defendant, he may be rearrested before another magistrate or the same one, and another examination may be had, the first discharge being no bar to a subsequent arrest and prosecution. It is said by some of the authorities cited by counsel that a proceeding in forcible detainer is *quasi* criminal—the verdict is "guilty" or "not guilty." For this reason the illustration which has been given is not, I think, an inapt one.

But is it true in either case, that of the prosecution for alleged crimes or the prosecution for unlawfully holding land, that the person so prosecuted has no redress if by reason of a succession of suits he be unjustly harassed and burdened? Before proceeding to this phase of the matter I desire first to say, that notwithstanding decisions in the courts of some of the other states, cited by counsel in a very able argument manifesting much research among the authorities, and notwithstanding there has been no direct adjudication in our own Supreme Court, we believe that it has been the settled view of the bar and of courts of Ohio that this statute should be literally construed. Indeed, originally in the cases it does not seem to have occurred to the court or lawyers that it was to be construed in any other way. I need cite in illustration of this but three or four cases in which language is used by the judges indicating this construction of the statute. They may be *dicta*, and indeed I think in the main, if not entirely, they are, but they none the less evidence the views entertained by the judges who used the expressions.

In 9 C. C., 168, is a case decided by Judge Shauck, then one of the circuit judges of the Franklin circuit and now one of the members of the Supreme Court. On page 169 he says:

"The provision of the statute, Section 6601, is that a judgment under Chapter 9, Title 3, 'shall not be a bar to an after-action brought by either party.' But to the bringing of such after-action the provisions of Section 6602 apply as to an original action, and a party desiring to bring such action must give the notice which the section provides."

Now note that he is speaking of the bringing of an after action in forcible detainer, because he is talking about the giving of the notice which the statute in forcible detainer requires. This case involved the nature of the notice required in the second action in forcible detainer, or proceeding, whichever you choose to call it.

See also, 1 Handy, page 70, the case of *Smith* v. *Findlay*, decided by the Superior Court of Cincinnati in General Term, in 1855, before Judges Spencer, Gholson and Storer. The case in its syllabus contains a query, "whether repeated actions, brought evidently to vex and harass the defendant, and put

him to the necessity of prosecuting repeated writs of error, would not afford ground for the interference of either the court of error, or other competent tribunal." On page 71, Judge Gholson, who delivers the opinion, uses this language:

"An action for the forcible entry and detention, or the forcible or unlawful detention only, of property, is a summary remedy provided by statute in certain cases, intended to affect only the question of possession. And so far from any adjudication in such an action being binding and conclusive on the parties even in respect of the right of possession" [and I desire to emphasize these words], "the statute expressly provides that the judgments, either before the justice or in the court of common pleas, shall not be a bar to any after action brought by either party."

In other words, the statute is not to be deemed a bar in any contention as to the right of possession, not considering at all the question of title.

We have another case, however, and a later one, decided by the Supreme Court of the state and more nearly in point. Here a remedy is held available to a party who is harassed by a wrong use of the forcible detainer statute. The case is that of *Pope* v. *Pollock*, 46 Ohio St., 367, holding: "An action may be maintained for maliciously, and without probable cause, instituting and prosecuting an action in forcible entry and detainer."

It would seem then, not necessary to bring an injunction suit to restrain, as suggested in *Smith* v. *Findlay, supra,* because the Supreme Court holds that a party has an adequate remedy at law. It is held that he may bring an action in malicious prosecution, treating this proceeding for forcible entry and detainer precisely as he might treat any criminal prosecution. Judge Spear says, on page 368, speaking for the court:

"Will the prosecution of a suit in forcible entry and detainer, which results in a verdict for the defendant, where the same is prosecuted maliciously, and without probable cause, afford ground for an action in the nature of a suit for malicious prosecution?—is the question in this case."

The statement of facts in the case cited discloses that on the 11th of May, 1885, the defendant instituted a suit in forcible

entry, and detainer, before a justice of the peace, for the recovery of possession of certain premises, which suit terminated in a verdict for the plaintiff of "not guilty"; and afterwards on the 17th of June, 1885, defendant instituted another like suit before another justice of the peace, which also terminated in the same verdict. Each of said actions was claimed to have been prosecuted maliciously and without probable cause. Now near the bottom of page 371 is some language very pertinent to the case which we have here used in the construction of this statute, or rather in recognition of that construction which has obtained ever since the enactment of the section in its original numbering. The judge says:

"In many of its aspects, an action in forcible entry and detainer is an extraordinary proceeding. It is summary in its character, and may become, when prosecuted wrongfully, excessively annoying and harassing. Having given three days' notice in writing to leave the premises, the plaintiff may commence his action by filing a complaint with a justice of the peace, and in three days more the trial may take place. The complaint need not be sworn to. If a continuance is asked by defendant for more than eight days, security for payment of rent is required. The action may involve the possession, by a defendant, of a home for himself and a dependent family. A failure to answer, or unsuccessful defense, may result in immediate and forcible ouster, and this without reference to the condition of the family, or the weather or other surrounding circumstances. No appeal is allowed, nor is one action a bar to subsequent actions."

Then he considers some other matters involved in the inquiry between these parties and adds—

"Then, too, the plaintiff may select from several concurrent jurisdictions within the county. He may commence his action, if he so desire, in the township farthest removed from the residence of the defendant, or the most inaccessible, thus requiring, it may be, his adversary to travel long distances, and to transport his witnesses at large expense. Failing in one action thus brought, he may continue prosecutions until his pocket book, or his malice, or both, become exhausted. Plainly, in the hands of an unscrupulous prosecutor, possessed of abundant means, this kind of action may become grievously oppressive, and it is idle to say that the small bill of costs before a justice

is either a sufficient punishment to inflict upon a malicious prosecutor, or constitutes any recompense to a wronged defendant. The statute gives to such plaintiff the right to resort to his action as often as he may choose, and to bring it before any justice within the county, but this implies no right to prosecute maliciously and without probable cause. A groundless action, prosecuted with malice, is never justifiable, and a wrong suffered by such prosecution in forcible entry and detainer should not be without remedy."

Our conclusion is that the judgment of the court of common pleas should be reversed and the judgment of the last justice, Biddle, be affirmed.

*Ham, Ham & Ham,* for plaintiff in error.

*Handy & Wolf,* for defendant in error.